UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RAYMOND WRIGHT,

    Plaintiff,

v.                                                             No. 1:17-cv-01077-JDB-cgc

RECIE YANDERS, ET AL.,

    Defendants.

## ORDER DISMISSING AMENDED COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On April 21, 2017, Plaintiff, Raymond Wright, who is incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) On February 27, 2019, the Court dismissed the inmate's complaint for failure to state a claim but granted leave to file an amended complaint within thirty days. (D.E. 10.) On March 18, 2019, Wright timely did so. (D.E. 11.) Plaintiff has dropped three Defendants from his suit. The remaining Defendants are Recie Yanders, former Medical Administrator at NWCX; Dr. Cortez Tucker, Medical Director at NWCX; and Mike Parris, former Warden at NWCX.[1] Plaintiff now sues these Defendants in only their individual capacities. (*Id.* at 1.)

---

[1] Mike Parris is now Warden of the Morgan County Correctional Complex, not NWCX. The current Warden of NWCX is Shawn Phillips. *See* https://www.tn.gov/content/tn/correction/sp/state-prison-list/northwest-correctional-complex.html. Because Plaintiff sues Warden Parris in only his individual capacity, Warden Phillips need not be substituted in Warden Parris's place.

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (D.E. 10 at 3–4), and will not be reiterated here.

The Court dismissed Wright's original complaint as it pertained to Yanders, Tucker, and Parris because the inmate's claims amounted to dissatisfaction with his medical treatment at NWCX and because he provided no factual basis for his assertion that the denial of a soft mattress was a ruse concocted by the Defendants. (D.E. 10 at 7.) The amended complaint merely restates, nearly verbatim, the same allegations against Yanders, Tucker, and Parris. (*Compare* D.E. 1 at 4–6 *with* D.E. 11 at 4–6.)[2] Plaintiff does not allege new facts showing the Defendants knew of and disregarded an excessive risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). Nor does he submit facts to support his contention that the Defendants' stated reason for denying him the special mattress he requested was false.

For the same reasons set forth in the prior order of dismissal, the Court DISMISSES Plaintiff's amended complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend the complaint is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

---

[2] There appear to be several pages missing from the amended complaint. The page numbers listed at the bottom of the pages jump from 5 to 9, and the corresponding paragraph numbers similarly jump from 17 to 31. (D.E. 11 at 5–6.)

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). Therefore, Wright is instructed that if he desires to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

IT IS SO ORDERED this 21st day of March 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE